# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELOINO SOTO,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>SOCIAL SECURITY<br>　　ADMINISTRATION,<br>　　　　　　Agency. | DOCKET NUMBER<br>CB-7121-21-0016-V-1<br><br><br><br>DATE:  January 29, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Suzanne Pillari</u>, Esquire, Syracuse, New York, for the appellant.

<u>Peter Jewett</u>, Esquire, New York, New York, for the agency.

<u>Owen Keegan</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

### FINAL ORDER

Pursuant to 5 U.S.C. § 7121(d), the appellant requests review of an arbitrator's decision that denied his request for attorney fees. For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

forth below, we DENY the appellant's request and AFFIRM the arbitrator's decision.

## BACKGROUND

The following facts have been set forth by the arbitrator in his opinion and award and are not disputed by either party. The appellant is a Claims Specialist with the agency. Request for Review (RFR) File, Tab 1 at 74. On August 30, 2019, the agency suspended the appellant for 15 days based on charges of conduct unbecoming a Federal employee and lack of candor. *Id*. at 21-31. After the appellant filed a grievance and his union invoked arbitration, the arbitrator issued an opinion and award finding that, although the record established that the appellant engaged in the misconduct as alleged, the 15-day suspension was too harsh due, in part, to the passage of time between the incidents and the proposal to suspend, and thus he mitigated the penalty to a 5-day suspension. *Id*. at 83-91.

Subsequently, the appellant submitted a petition for attorney fees to the arbitrator. *Id*. at 94-100. The arbitrator issued a supplementary opinion and award denying the appellant's request for fees, finding that, although the appellant was the prevailing party, an award of attorney fees was not warranted in the interest of justice. *Id*. at 113-19. The appellant has filed a request to review the arbitrator's decision with the Board, and the agency has not filed a response. *Id*. at 6-18.

## ANALYSIS

The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Hollingsworth v. Department of Commerce*, 115 M.S.P.R. 636, ¶ 6 (2011). Each of these conditions has been satisfied in this case. The agency's

15-day suspension of the appellant is within the Board's jurisdiction. 5 U.S.C. § 7512(2); 5 U.S.C. § 7513(d). The appellant has alleged that his suspension was the result of discrimination in violation of 5 U.S.C. § 2302(b)(1). RFR File, Tab 1 at 12. The arbitrator issued a final decision on the appellant's grievance. *Id*. at 71-91, 113-19. Thus, we find that the Board has jurisdiction over this case.

The language of 5 U.S.C. § 7701(g)(1), which is applicable to cases not involving a finding of prohibited discrimination under 5 U.S.C. § 2302(b)(1), requires that each of the following requirements be met to award attorney fees: (1) the appellant must be the "prevailing party"; (2) attorney fees must have been "incurred"; (3) the award of attorney fees must be "warranted in the interest of justice"; and (4) the fees awarded must be reasonable. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 426-27 (1980).

As it is undisputed that the appellant is the prevailing party and that fees were incurred, the issue before us is whether the arbitrator erred in his finding that attorney fees were not warranted in the interest of justice. RFR File, Tab 1 at 114. An attorney fee award by the Board may be warranted in the interest of justice under the following circumstances: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen*, 2 M.S.P.R. at 434-35. As the appellant alleges that

he satisfied *Allen* factors 2, 3, and 5, we limit our analysis to these factors.[2] RFR File, Tab 1 at 15-17. Further, because there is a greater question as to whether the fifth *Allen* factor was met, we begin our analysis here and conclude that the fifth *Allen* factor was not met. We then proceed to explain that the record confirms the arbitrator's findings that the second and third *Allen* factors were similarly not met.

The arbitrator did not commit a legal error in finding that the agency did not know or should have known that it would not prevail on the merits.

Under the fifth *Allen* factor, an agency's penalty selection is part of the merits of the case and an award of attorney fees is warranted if the agency knew or should have known that its choice of penalty would not be sustained. *Lambert v. Department of the Air Force*, 34 M.S.P.R. 501, 505-07 (1987). Generally, attorney fees will be warranted under the "knew or should have known" category when all charges are sustained and the Board mitigates the penalty imposed by the agency, unless the Board's decision to mitigate is based upon evidence that was not presented before the agency. *Id*. at 507.

However, in this case, we are reviewing an arbitration decision, not an initial decision issued by an administrative judge of the Board. The standard of the Board's review of an arbitrator's award is limited; such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges. *Sadiq v. Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 5 (2013). The Board will modify or set aside an arbitration award only when the arbitrator has erred as a matter of law in interpreting a civil service law,

---

[2] The appellant also disputes the arbitrator's findings that fees were not warranted under precedent set forth by the Federal Labor Relations Authority (FLRA) stating fees are warranted when there is either a service rendered to the Federal workforce or a benefit to the public derived from maintaining the action. RFR File, Tab 1 at 16, 117-18. As an initial matter, FLRA decisions are not binding on the Board. *Berkner v. Department of Commerce*, 116 M.S.P.R. 277, ¶ 8 (2011). Nevertheless, we agree with the arbitrator that the record does not support a finding that this litigation was to the benefit of the Federal workforce beyond this particular employee, and thus, this factor was also not met. RFR File, Tab 1 at 118.

rule, or regulation. *Id*. Even if the Board disagrees with an arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator. *Id*.

Thus, the question is whether the arbitrator committed a legal error by finding that the fifth *Allen* factor was not met and denying attorney fees, despite mitigating the penalty. We do not find that this constitutes legal error. Both the Board and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) have stated that there is no per se rule that requires an award of attorney fees based upon a mitigation of the penalty alone. *Dunn v. Department of Veterans Affairs*, 98 F.3d 1308, 1313 (Fed. Cir. 1996); *see Miller v. Department of the Army*, 106 M.S.P.R. 547, ¶ 9 (2007). In *Dunn*, the Federal Circuit reviewed an arbitration decision denying attorney fees, even though the arbitrator had mitigated the penalty despite sustaining the charges of misconduct. *Dunn*, 98 F.3d at 1311, 1313. Acknowledging its limited scope of review, the court determined that the arbitrator did not abuse his discretion or commit a legal error because, although the arbitrator disagreed with the penalty, there was no evidence that the agency acted negligently or disregarded material facts, and there was no per se rule requiring an award of fees solely because the penalty was mitigated. *Id*. at 1313. Thus, the court affirmed the arbitrator's denial of attorney fees. *Id*. at 1314. Similarly here, although the arbitrator disagreed with the penalty selected, there is no evidence in the record that the agency acted negligently or disregarded relevant facts in issuing the original penalty. RFR File, Tab 1 at 83-91, 115-17. Thus, in line with the court's reasoning in *Dunn*, we find that the arbitrator did not err as a matter of law in finding that the fifth *Allen* factor was not satisfied. *Id*. at 116-117.

The arbitrator correctly determined that the appellant had not satisfied the second or third *Allen* factors.

We are similarly unpersuaded by the appellant's argument that he satisfied the second and third *Allen* factors. Under the second *Allen* factor, attorney fees

are warranted when an employee is substantially innocent of the charges against him, i.e., if he is innocent of the primary or major charges, or of the more important and greater part of the original charges. *Lambert*, 34 M.S.P.R. 501, 503 (citing *Boese v. Department of the Air Force*, 784 F.2d 388, 391 (Fed. Cir. 1986)). The arbitrator found that the appellant engaged in the misconduct as alleged, and the appellant does not dispute this finding. RFR File, Tab 1 at 83-86, 115-16. The appellant was therefore not innocent of any of the charges, never mind substantially innocent of all charges. Thus, the second *Allen* factor cannot be met. Under the third *Allen* factor, attorney fees are warranted in the interest of justice when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Woodard v. Department of the Navy*, 22 M.S.P.R. 614, 616 (1984). Absent conclusory and generic statements, the appellant does not cite to, nor do we discern, any evidence in the record that demonstrates that the agency pursued the suspension in bad faith or acted in a vexatious manner. RFR File, Tab 1 at 16, 83-91, 116. Thus, the third *Allen* factor cannot be met.[3]

As previously explained, absent an error of law or of the interpretation of a civil service law, rule, or regulation, the Board will not modify or set aside an arbitration decision. *Sadiq*, 119 M.S.P.R. 450, ¶ 5. Given the facts present here, the appellant has not met our highly deferential standard of review for arbitration decisions. Accordingly, we agree with the arbitrator's conclusion that the *Allen* factors were not met and that an award of attorney fees would not be in the interest of justice. RFR File, Tab 1 at 114-18. Thus, we affirm the arbitrator's decision to deny the appellant's request for attorney fees.

---

[3] The appellant appears to argue that, because the penalty was deemed unreasonable and excessive by the arbitrator, it must have been meritless and pursued in bad faith, as such a penalty is "directly contrary" to the agency's contractual obligations. RFR File, Tab 1 at 16. However, the appellant cites no authority, and we are unaware of any such authority, that supports the proposition that mitigation of a penalty automatically renders the original action meritless or pursued in bad faith. *Id*.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.